ORTIZ & ORTIZ LLP
Norma E. Ortiz
237 Park Avenue South, Ste. 337
New York, New York 10010
Telephone: (718) 522-1117
Facsimile: (718) 596-1302
*Proposed Counsel to the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re                                                  :
                                                       :
BOB ELLIOTT'S MUSIC MAKERS LLC,  :
                                                       :     Case No. 23-11556-lgb
                                                       :
                                                       :     Sub-Chapter V Chapter 11
                              Debtor.           :
-------------------------------------------------------x

## DECLARATION OF BALLOT ACCEPTANCES AND REJECTIONS

Norma E. Ortiz, pursuant to 28 U.S.C. §1746, declares under penalty of perjury:

1. I am a member of the Ortiz & Ortiz ("O & O") which maintains an office at 287 Park Avenue South, Ste. 337, New York, New York 10010. O & O serves as proposed bankruptcy counsel to Bob Elliott's Music Makers LLC (the "Debtor").

2. I submit this Declaration in support of the Debtor's First Amended Plan of Reorganization dated July 3, 2024 (the "Amended Plan"). Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. If I was called upon to testify, I could and would testify competently to the facts set forth herein.

3. On February 26, 2024, the Debtor filed its Plan of Reorganization dated February 26, 2024 (the "First Plan") as Ecf No. 55. On April 25, 2024, the Court entered an order scheduling a hearing on confirmation of the First Plan filed as Ecf. No. 61.  That order provided

that a hearing on confirmation of the First Plan would occur on May 29, 2024. The order provided that objections to the First Plan, acceptances of the First Plan, and rejections of the First Plan were due by May 22, 2024.

4. I received one vote to accept the First Plan from Class 2 unsecured creditor Kelli Marable of Recovery Analyst in the amount of $37,471.92 by May 22, 2024. I received no other ballots, objections to, or communications regarding the First Plan other than from the Debtor's current landlord, 260 W 36 Property LLC ( the "Landlord") and Wells Fargo Bank, N.A. ("Wells"), the Debtor's sole secured creditor. The First Plan provided that unsecured creditors would receive "up to 20%" of their claims. See Para. 3.2(b) of the First Plan ("Holders of Allowed Class 2 General Unsecured Claims shall receive up to 20% of their Allowed Class 2 Claims, without interest, from the remaining balance of the Plan Funds, after payment in full of all Unclassified Claims and Allowed Professional Fee Claims.")

5. When the First Plan was filed, the Debtor had not reached an agreement with Wells regarding the loan payments for its secured claim and lien on the Debtor's physical assets and pre-petition account receivables. In addition, it had not received a summary of all proposed professional fees. On May 22, 2024, the Debtor filed a Notice of Adjournment of the hearing on confirmation of the First Plan to June 18, 2024. The Notice of Adjournment included a new deadline for acceptances, rejections, or objections to the First Plan of June 11, 2024. I did not receive any communication from any creditor regarding the First Plan other than from Wells and the Landlord.

6. On June 12, 2024, the Debtor filed a second Notice of Adjournment of the confirmation hearing on the First Plan to July 10, 2024. That notice extended the time to accept,

reject, or object to the First Plan to July 3, 2024. I received no communication from any creditor regarding this adjournment other than from the Landlord and Wells.

7.      On July 3, 2024, the Debtor filed its Amended Plan.  The material changes reflected in the Amended Plan are (a) the Amended Plan states that unsecured creditors will receive up to 10 % of their claims (as opposed to 20%), (b) the Amended Plan states that the Debtor will contribute $2,000.00 a month for 60 months to fund the Amended Plan and will contribute a portion of its cash on hand to fund the Amended Plan, (3) the Amended Plan contains an updated liquidation analysis that clearly sets forth that unsecured creditors will not receive any funds if the Debtor's Chapter 11 case is converted to Chapter 7 case and administrative claims will not be paid in full, (4) the Amended Plan specifically states the monthly loan payments in the amount of $2,412.95will be paid to Wells in satisfaction of its secured claim, and (5) the Amended Plan estimates the amount of professional fees sought by the Debtor's professionals. As stated above, the First Plan provided that unsecured creditors would receive up to 20% of their claims.  However, the First Plan did not did not guarantee any amount to unsecured creditors.

8.      On July 3, 2024, the Landlord voted to accept the Amended Plan. The Debtor's sole member, Robert Elliott timely voted to accept the Amended Plan.

9.      Wells requires additional time to ensure that the Debtor's reduction in the maximum amount payable to unsecured creditors is acceptable to the Small Business Administration (since Wells' loan to the Debtor is guaranteed by that entity). The Debtor has agreed to extend Wells' time to vote on the Amended Plan and agreed to request an adjournment of the confirmation hearing scheduled for July 10, 2024 if Wells can not obtain a response from

the Small Business Administration by July 8, 2024.

10. On July 5, 2024, I sent the Amended Plan to the sole unsecured creditor (other than the Landlord) that voted to accept the First Plan. I explained by email the different treatment provided to unsecured creditors in the Amended Plan and informed the creditor that because the Amended Plan provided different treatment of its claim, it could withdraw its acceptance of the First Plan. I was informed by the creditor that despite this change, it is willing to maintain its vote to accept the Amended Plan and, if needed, it would execute another ballot accepting the Amended Plan. I have emails available to confirm the accuracy of this representation.

11. The Debtor's Amended Plan contains three classes: Wells' secured claim is the sole claim contained in Class One; all unsecured creditors are contained in Class 2; and the Debtor's member is the sole interest holder in Class 3. At the time of this writing, the Debtor has obtained the votes necessary to accept the Amended Plan from two Class 2 claimants and the Class 3 interest holder.

12. I confirm that the validly executed ballots were received by my firm as described above.

13. I reserve the right to amend this Declaration after receiving a response from Wells.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
July 6, 2024

*S/Norma E. Ortiz*
Norma E. Ortiz